IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**MICHELE STEVENS**,

        Plaintiff,

v.

**UNITED STATES OF AMERICA**,

        Defendant.

Case No.: 3:11-cv-01207-SI

**OPINION AND ORDER**

Eric D. Virshbo
Jason M. Gore
MACMILLAN SCHOLZ & MARKS, PC
900 SW 5th Ave., Ste. 1800
Portland, OR  97204

Ronald K. Silver
UNITED STATES ATTORNEY'S OFFICE
1000 SW Third Ave., Ste. 600
Portland, OR 97204-2902

**SIMON, District Judge**.

      A federal district court's jurisdiction to hear claims for damages against the United States of America ("United States") based on the allegedly tortious conduct of federal employees is predicated on the United States' waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. Pt.VI Ch.171. 28 U.S.C. § 1346(b)(1). State Farm Mutual Automobile Insurance Company ("State Farm") filed this action in the name of its insured, Michele Stevens ("Ms. Stevens"), to recover $10,981.30 in personal injury protection benefits it paid to Ms.

Stevens following Ms. Stevens' automobile collision with a U.S. Postal Service vehicle. Before the court is Defendant United States' motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Dkt. 8. The United States argues that because Ms. Stevens has already accepted an administrative settlement, pursuant the 28 U.S.C. § 2672 of the FTCA, this suit is not permitted by the FTCA's limited waiver of sovereign immunity. For the reasons that follow, the court agrees. The United States' motion to dismiss is, therefore, granted.

## BACKGROUND

On May 2, 2010, a U.S. Postal Service vehicle struck a car driven by Ms. Stevens, injuring her. Compl. ¶ 3. As required by Oregon law, State Farm paid $10,981.30 in personal injury protection ("PIP") benefits to Ms. Stevens following the accident.[1] Declaration of Jason M. Gore ("Gore Decl.") ¶ 3 (Dkt. 15). Ms. Stevens filed an administrative claim against the U.S. Postal Service, and the National Tort Center for the U.S. Post Office sent her a settlement check for $32,931.26. Decl. of Bjurstrom ¶ 3 (Dkt. 10). Ms. Stevens negotiated and deposited the check. Dkt. 10-2.

Under Oregon law, State Farm is subrogated to all rights of Ms. Stevens to the extent of its PIP benefit payments. Gore Decl. ¶ 4. In an attempt to recover the PIP benefits payment that it made to Ms. Stevens, State Farm, as Ms. Stevens' subrogee, filed an administrative claim with the U.S. Postal Service. Dkt. 15-1. The U.S. Postal Service rejected the claim. *Id.* State Farm then filed this suit, in Ms. Stevens' name, asserting a single claim for negligence against the United States and seeking to recover the PIP benefits that it paid to Ms. Stevens.

---

[1] As explained below, PIP benefits are a type of "no-fault" automobile liability insurance that, under Oregon law, insurers must pay upon receiving proof of loss from their insured. *See* Or. Rev. Stat. §§ 742.518 to 742.548.

The United States filed a motion to dismiss the complaint, for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1). Dkt. 8. The United States contends that suits against the United States are barred by sovereign immunity, except to the extent that such immunity is waived under the FTCA. Def.'s Memorandum in Support at 3-4 (Dkt. 9). Under the FTCA, a claimant's "acceptance . . . [of a] settlement shall be final and conclusive on the claimant[.]" 28 U.S.C. § 2672. The United States argues that pursuant to 28 U.S.C. § 2672, Ms. Stevens' acceptance of the settlement check forecloses any further claim in her name. Consequently, the United States argues, it is immune from this suit and this court lacks subject matter jurisdiction. *Id.* at 4.

In its response, State Farm contends that the United States' liability in tort is governed by state law. State Farm adds that under Oregon automobile liability insurance statutes, State Farm, as Ms. Stevens' subrogee, may bring a claim in her name to recover the PIP benefits paid to her. Pl.'s Response to Def's Motion to Dismiss ("Pl.'s Resp.") at 7 (Dkt. 14). State Farm also argues that an August 1, 2011, letter from the USPS to State Farm's counsel expressly authorizes the filing of this suit. Dkt. 15-1. The letter states that in "accordance with [the FTCA], if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in" district court.[2] *Id.*

## STANDARDS

"A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or . . . the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co., Inc. v. Gen. Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Where the

---

[2] State Farm also argues that the United States waived its FTCA defense by "issuing multiple payments on this claim." Pl.'s Resp. at 9. The U.S. Postal Service, however, did not issue multiple payments on the same claim. Rather, it paid a separate claim, filed by Ms. Stevens' husband, to cover damage done to the automobile. *See* Dkt. 20.

Page 3 – OPINION AND ORDER

jurisdictional issue is separable from the merits of the case, the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary." *Id.*

## DISCUSSION

### A.    Jurisdiction

State Farm argues that the United States' motion to dismiss for lack of subject matter jurisdiction must be construed as a motion for summary judgment because, regardless of whether the United States has waived sovereign immunity pursuant to the FTCA, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). Pl.'s Supplemental Response at ("Pl.'s Supp.") 7 (Dkt. 26). Plaintiff is correct that subject matter jurisdiction and sovereign immunity are distinct inquiries. *See generally United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 923-24 (9th Cir. 2009). Section 1346(b)(1), however, expressly conditions subject matter jurisdiction on compliance with the FTCA: "Subject to the provisions of chapter 171 of this title [the FTCA], the district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages[.]" 28 U.S.C. § 1346(b)(1). Thus, under the FTCA, sovereign immunity "is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). If, under the FTCA, the United States is immune from suit then, under 28 U.S.C. § 1346(b)(1), this court lacks subject matter jurisdiction.[3] The relevant question, therefore, is whether the United States is immune from suit under the facts presented in this case.

---

[3] Plaintiff also argues that in an August 1, 2011, letter the "United States Postal Service . . . expressly consented to this action." Pl.'s Resp. at 4. The U.S. Postal Service's August 1, 2011, letter, however, does not waive the United States' sovereign immunity. "Only Congress

Page 4 – OPINION AND ORDER

B.      **Sovereign Immunity**

The United States "may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). In the FTCA, Congress provided for a limited degree of consent by waiving, in certain circumstances, "the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). This waiver includes "'tort claims arising out of activities of the Postal Service[.]'" *Dolan v. United States Postal Serv.*, 546 U.S. 481, 484 (2006) (quoting 39 U.S.C. § 409(c)). Before a claimant may sue the United States, however, under 28 U.S.C. § 2675(a), a claimant must "first give the appropriate federal agency the opportunity to resolve the claim." *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995); 28 U.S.C. 2675(a). If the federal agency resolves the claim with a settlement, the claimant's acceptance of that settlement "shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States." 28 U.S.C. § 2672; *see, e.g., Clark v. United States*, 978 F.2d 1265 (9th Cir. 1992) (unpublished) (claimant who accepted a check from United States "may not now pursue the claim in court under the FTCA").

Provided that a claimant satisfies 28 U.S.C. § 2675(a) and does not accept a settlement pursuant to 28 U.S.C. § 2672, the FTCA makes the United States liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances[.]" 28 U.S.C. § 2674. The scope of that liability is determined by the "law of the place where the act or

---

enjoys the power to waive the United States' sovereign immunity." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1090 (9th Cir. 2007). In the present case, State Farm's suit is barred by the FTCA. Even if the August 1, 2011, letter stated that U.S. Postal Service was waiving immunity – which it does not – that statement would be ineffective.

Page 5 – OPINION AND ORDER

omission occurred." 28 U.S.C. 1346(b)(1). Taken together, 28 U.S.C. §§ 2674 and 1346(b)(1) "direct the courts to analogize the government to a private actor in a similar situation and apply state law to determine amenability to suit and substantive liability." *LaBarge v. Mariposa County*, 798 F.2d 364, 366 (9th Cir. 1986); *Young v. United States*, 71 F.3d 1238, 1244 (6th Cir. 1995) ("The extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law."). In the present case, it is undisputed that Michele Stevens accepted a settlement from the United States for her injuries resulting from the accident on May 2, 2010. Ms. Stevens, therefore, has no further claim against the United States.

To understand the basis of State Farm's claim made in the name of Ms. Stevens, a brief discussion of Oregon's automobile liability insurance scheme is helpful. Under Oregon law, every automobile liability policy must include "personal injury protection" ("PIP") benefits. Or. Rev. Stat. § 742.520(1). PIP benefits are a type of no-fault insurance: after the insured submits proof of loss, the insurer must pay PIP benefits regardless of fault. Or. Rev. Stat. § 742.520(4); *State Farm Mut. Auto. Ins. Co. v. Hale*, 215 Or. App. 19, 24 (2007). The "statutes describe three ways in which insurers [that] have paid PIP benefits may recover the amounts paid." *Kessler v. Weigandt*, 299 Or. 38, 42 (1985). Two are relevant here:[4] Or. Rev. Stat. §§ 742.536 and 742.538.

Under Or. Rev. Stat. § 742.536(2), if an insured makes a claim for damages, the insured "may elect to seek reimbursement . . . out of any recovery under such claim[.]" To do so, the insurer must "give written notice [to the insured and the tortfeasor] of such election within 30

---

[4] The third provision, Or. Rev. Stat. § 742.534, provides that every "insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom personal injury protection benefits have been furnished by another such insurer . . . shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement [.]" Because the United States is not insured, this provision is not applicable.

days from the receipt of notice or knowledge of [the insured's] claim[.]" Or. Rev. Stat. § 742.528(2). After the insurer serves that written notice, it "has a lien against [the] cause of action for [PIP] benefits it has furnished[.]" *Id.* at § 742.536(3)(a). This provision is known as the "PIP lien statute." *Mid-Century Ins. Co. v. Turner*, 219 Or. App. 44, 50 (2008).

If the insurer elects not to follow the procedure in the PIP lien statute, it has "a statutory right similar to subrogation to the payee's recovery by way of settlement or judgment from a person legally responsible for the motor vehicle accident[.]" *Kessler*, 299 Or. at 42; Or. Rev. Stat. § 742.538. Or. Rev. Stat. § 742.538(2) provides that the insured "shall hold in trust for the benefit of the insurer all such rights of recovery which the injured person has, but only to the extent of such [PIP] benefits furnished." Or. Rev. Stat. § 472.538(2). The insurer may exercise that right of recovery by bringing an action "in the name of the injured person" to recover the PIP "benefits furnished." Or. Rev. Stat. § 742.538(4). This is known as the "PIP subrogation statute." *Mid-Century Ins. Co.*, 219 Or. App. at 51.

State Farm did not elect follow the PIP lien statute to recover the PIP benefits it paid to Ms. Stevens. Pl.'s Supp. at 4. Instead, it elected to follow the PIP subrogation statute and seek reimbursement for the PIP benefits paid by asserting a claim against the United States in Ms. Stevens' name. Although 28 U.S.C. § 2672 appears to foreclose additional claims in Ms. Stevens' name, State Farm claims that Oregon case law on an insurer's right to subrogation establishes that Ms. Stevens cannot "release [State Farm's] rights to recover reimbursement from the tortfeasor." Pl.'s Resp. at 10. In other words, State Farm contends that because it is Ms. Stevens' subrogee, Ms. Stevens' acceptance of the settlement did not extinguish State Farm's right to make a claim in Ms. Stevens' name to recover the PIP benefits payment from the underlying tortfeasor. If this case were not against the United States, and if 28 U.S.C. § 2672 did

not apply, State Farm's position might be correct as a matter of state law.[5] *See United Pac. Ins. Co. v. Schetky Equip. Co.*, 217 Or. 422 (1959).

While there is no doubt that, under 28 U.S.C. §§ 2674 and 1364(b)(1), the United States is liable in tort as "an ordinary tortfeasor under state law," *Audio Odyssey, Ltd. v. United States*, 373 F.3d 870, 872 (8th Cir. 2004), the effect, scope, and limits of a settlement made pursuant to 28 U.S.C. § 2672 is a matter of federal law with respect to the settling party. The Ninth Circuit discussed 28 U.S.C. § 2672's relationship to state law in *Schwarder v. United States*, 974 F.2d 1118 (9th Cir. 1992). In that case, Harry Schwarder and his wife settled a claim for damages against the United States arising from the alleged failure of Veterans Administration doctors to diagnose and treat promptly his cancer. *Id.* at 1120. After his death, Harry Schwarder's children filed wrongful death complaints against the United States. *Id.* at 1121. At issue was whether Harry Schwarder and his wife's settlement with the United States barred subsequent suits by his children. After examining the text of 28 U.S.C. § 2672, the Ninth Circuit held that as "a matter of federal law . . . an administrative settlement reached pursuant to section 2672 bars further claims by *the settling party*, without regard to the effect it would have as a matter of state law." *Id.* at 1124 (emphasis added). The court also held, however, that with "respect to the claims of *other* persons, a section 2672 settlement has the same effect as any other release: it is a relevant circumstance which must be taken into account in determining whether the United States is liable under state law." *Id.* (emphasis in original). Thus, under *Schwarder*, federal law controls the legal effect of a settlement on the settling party, regardless of state law.

---

[5] Although some Oregon case law and statutes support Plaintiff's argument, there does not appear to be Oregon authority directly on point. Because resolution of this point is not necessary to decide this case, this court declines to endorse conclusively Plaintiff's argument.

Page 8 – OPINION AND ORDER

In the present case, under 28 U.S.C. § 2672, Ms. Stevens' settlement with the United States foreclosed all future claims in her name, regardless of Oregon law. As such, it does not matter that, under the PIP subrogation statute and Oregon subrogation case law, a settlement ordinarily might not extinguish a subrogee insurer's right to recover from the tortfeasor.[6] *Schwarder* holds that 28 U.S.C. § 2672 overrides Oregon law and prohibits further action in Ms. Stevens' name: "The acceptance by the claimant of any . . . settlement shall be *final and conclusive on the claimant*[.]" (Emphasis added.) Had State Farm brought this action in its own name, under *Schwarder*, the court would look to state law to determine the effect, scope, and limits of Ms. Stevens' settlement. In the present posture, however, because State Farm is suing in Ms. Stevens' name, it has no recourse: Ms. Stevens' may not bring further claims against the United States. This court is, therefore, without jurisdiction.[7]

/ / /

---

[6] The Third Circuit, however, has held that state law governs the scope of a release under 28 U.S.C. § 2672. *Reo v. United State Postal Serv.*, 98 F.3d 73 (3rd Cir. 1996). If *Reo* were the law in this circuit, this court would look to Oregon law to determine whether Ms. Stevens' acceptance of the settlement foreclosed her subrogee's rights to bring an action in her name. In that event, the court might find that Oregon law provides that a settlement by an insured does not extinguish the subrogee insurer's right to recoup PIP benefit payments by bringing an action in the insured's name. *Reo*, however, is not the law in this circuit. Under *Schwarder*, the legal effect of Ms. Stevens' settlement is controlled only by federal law, not state law. This court notes, however, that the Ninth Circuit in *Schwarder* was not confronting a case involving subrogation. Whether that distinction might result in a modification of the rule in *Schwarder* is not for this court to determine.

[7] The court recognizes that this is a harsh result for State Farm. Oregon's PIP subrogation statute required State Farm to sue in Ms. Stevens' name. Or. Rev. Stat. § 742.538(4); *Safeco Ins. Co. of Oregon v. United States Postal Serv.*, No. 1:11-cv-03064-PA (D. Or. Dec. 15, 2011). Nonetheless, State Farm is not without options to recover PIP benefits payments. In future cases, State Farm may use the PIP lien statute to recover PIP benefits payments made to its insureds after accidents in which the United States is the tortfeasor. Furthermore, in the present case, State Farm may still have a claim against Ms. Stevens for a portion of her settlement from the United States pursuant to Or. Rev. Stat. § 742.538(1). This court expresses no position on the merits of such a claim.

## CONCLUSION

The United States' motion to dismiss for lack of subject matter jurisdiction, Dkt. 8, is GRANTED. Plaintiff's complaint, Dkt. 1, is dismissed with prejudice.

IT IS SO ORDERED.

Dated this 17th day of April, 2012.

/s/ Michael H. Simon
_____
Michael H. Simon
United States District Judge